UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher Palermo

    v.                                                Civil No. 08-cv-109-JL

Suzanne Collins, Superintendent,
Coos County Department of
Corrections, et al.

**O R D E R**

Christopher Palermo filed a complaint pursuant to 42 U.S.C. § 1983, which came before Magistrate Judge Arenas for preliminary review. On August 14, 2008, Judge Arenas issued an Order (document no. 11), directing service of Palermo's retaliatory transfer claim against defendant Collins and his inadequate medical care claims against defendants Eastman and Soucey, and a Report and Recommendation (document no. 10) recommending dismissal of the remaining claims in the complaint. Judge Arenas' Report and Recommendation is presently pending approval before District Judge Laplante.

Since the issuance of the August 14, 2008 Report and Recommendation and Order, Palermo has filed two addenda to the complaint (document nos. 12 & 13). In each of these addenda,

Palermo seeks to add retaliation claims against three defendants at the Coos County House of Corrections ("CCHC") not previously named in this action. For the reasons explained herein, I direct that these claims be served on the defendants named.[1] I further direct that these addenda (document nos. 12 & 13) be construed as part of the complaint for all purposes.

## Background

1.  Retaliation Claim Against CCHC Officer Shannon

Palermo alleges that during the afternoon of August 6, 2008, he went to the recreation room at the CCHC. Two inmates reported to Palermo that while he was out of his housing unit, CCHC Officer Shannon entered Palermo's cell and was alone in there for approximately five minutes. During that time, Shannon went through a stack of Palermo's legal paperwork that contained information about Palermo's pending civil and criminal cases, including cases Palermo had filed against the CCHC. Upon returning to his cell, Palermo noticed that his paperwork was in disarray, that all of the papers in a file marked "Evidence Coos Jail Grievances and Requests" had been opened, and that all of

---

[1] The three CCHC officers not previously named to this action, who Palermo now seeks to add, are Officer Shannon (no first name provided), Officer Champagne (no first name provided), and Officer Michelle Hyde.

the paperwork in the file was missing.  Ten postage stamps were also missing.  The inmate who witnessed Shannon going through Palermo's property told Palermo that he had seen Shannon take the missing items, fold them, and place them into his back pocket before leaving Palermo's cell.

   Palermo contacted Shannon to ask about the incident. Shannon told Palermo to "keep [his] mouth shut," or "it would get a lot worse."  When Palermo requested the return of his property, Shannon told him "put on your orange shirt you're going upstairs now you'll lose everything this is my favorite time of day." Shannon then took Palermo to a holding cell and locked the door, telling Palermo "you don't know when to stop."  Ten minutes later, Shannon returned Palermo to the housing unit and told him "we've got what we want, and I advise you to keep your mouth shut from here on out" as the situation "could get a whole lot worse" for Palermo.

   Palermo alleges that Shannon took papers from Palermo's cell that were intended to be used in his civil action against the CCHC.  Palermo states that his pending civil action against the CCHC, as well as the location of his legal paperwork, was well known among by CCHC staff members, and that Shannon's actions and

comments should be construed to indicate that the treatment he received was in direct retaliation for the filing of civil lawsuits against the CCHC. Palermo seeks to include a retaliation claim against Shannon in this action.

2. <u>Retaliation Claims Against CCHC Officers Champagne and Hyde</u>

On August 12, 2008, Palermo was served with a major disciplinary write-up alleging that he was improperly in possession of five dyed washcloths. When he was served with the write-up, Palermo was advised that the hearing on the alleged disciplinary violation would be held on the following day, August 13, 2008. Palermo requested that the inmates who had witnessed the ransacking of his cell on August 6, and his legal counsel, be present for the hearing. Palermo's attorney contacted the CCHC and asked that the hearing be continued to allow him to attend. Those requests were denied and the hearing was held on August 13, 2008.

The hearing officer, CCHC Officer Champagne, is also the respondent in a civil action brought by Palermo that was then pending in the state Superior Court. Palermo requested that an unbiased hearing officer hear the matter and that the hearing be audio recorded. Palermo also renewed his requests for witnesses,

his attorney, and a continuance.  All of Palermo's requests were denied by disciplinary board chairperson Michelle Hyde.  Hyde responded to Palermo's requests for due process, and Palermo's explanation that a denial of his rights would subject the CCHC to further civil litigation, by saying "I don't give a damn about your rights," that if Palermo sued her she would be immune because inmates "didn't have civil rights," and by telling Palermo "just keep your mouth shut, we do things different up here."  Approximately one half hour after the hearing ended, Palermo was advised that he had been found guilty and that he had been sanctioned with an order to pay restitution for the destruction of the washcloths, and a loss of all of his privileges for a period of two weeks.

    The next day, August 14, 2008, Palermo attempted to go to the law library to conduct research in his pending criminal case, but was told that the restriction on his privileges would prevent him from accessing the law library.  When Palermo objected to law library access being treated as a privilege, rather than a right, he was told: "Palermo when are you going to get it through your head we can do whatever we want to?"

Palermo now seeks to add retaliation claims against Champagne and Hyde to his complaint.  Palermo alleges that the denial of his rights at the disciplinary hearing, and imposition of sanctions that restricted his law library use, were actions taken in retaliation for his pending and threatened civil litigation against the CCHC.[2]

### Discussion[3]

As fully explained in the August 14, 2008 Report and Recommendation, "an otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was taken in retaliation for his exercise of First Amendment speech."  Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997); see Oropallo v. Parrish, No. 93-1953, 1994 WL

---

[2] I do not construe the addenda as seeking to bring any additional claim based purely on the denial of access to a law library, as Palermo has not alleged any harm to any pending legal matter as a result of the two-week denial of law library access which is an assertion necessary to minimally state a cause of action for denial of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 351 (1996) (finding that in order to state a claim for denial of access to the courts under § 1983, a prisoner must demonstrate that the denial of access to the courts "hindered his efforts to pursue a legal claim.").

[3] As the standard of review set out in the August 14, 2008 Report and Recommendation has not changed since that recommendation was issued, I again apply that standard of review to this matter.

168519, at *3 (D.N.H. May 5, 1994), aff'd, 23 F.3d 394 (1st Cir. 1994) (Conduct on the part of prison officials that is "not otherwise constitutionally deficient is actionable under § 1983 if done in retaliation for the exercise of constitutionally protected first amendment freedoms."). A retaliation claim has three elements: (1) the plaintiff was engaged in protected conduct; (2) the defendants took an adverse action against the plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct; and (3) that there is a causal connection between the adverse action and the protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999); Soto v. Iacavino, No. 01 Civ. 5850 (JSM), 2003 WL 21281762 at *2 (S.D.N.Y. June 4, 2003).

Here, Palermo has alleged that certain adverse actions, to wit, the ransacking of his belongings and removal of his legal papers from his cell by Shannon, the disciplinary hearing in front of a biased hearing officer, the denial of due process at the disciplinary hearing, the denial of relief by Hyde, and the disciplinary sanctions resulting in loss of the use of the law library, were taken in direct retaliation for the exercise of his first amendment right to engage in civil rights litigation

against the CCHC. Palermo has stated facts sufficient to allege that these acts by Shannon, Champagne, and Hyde were motivated by his litigation against the CCHC, were retaliatory and intended to punish him for the exercise of his First Amendment rights. Accordingly, I find that Palermo has stated claims upon which relief might be granted, and I direct that these claims proceed against defendants Shannon, Champagne, and Hyde.

## Conclusion

For the reasons stated herein, the claims alleging that Shannon, Champagne, and Hyde engaged in improper and unconstitutional retaliation may proceed. I direct, therefore, that this action be served on those defendants.

My review of the file indicates that Palermo has completed summons forms for each of the defendants named in the addenda to the complaint (documents no. 12 & 13). The Clerk's office is directed to issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document nos. 1, 3, 6, 9, 12 & 13), the August 14, 2008 Order and Report and Recommendation, and this Order. Further, the newly filed addenda (document nos. 12 & 13), as well

as this Order, are to be served upon defendants Collins, Eastman, and Soucey, whom I have previously directed be served in this action.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Palermo is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:    August 29, 2008

cc:      Christopher Palermo, pro se